UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA      Case No. 16-cr-20810

v.      Honorable George Caram Steeh

TAKATA CORPORATION,      VIOLATION: 18 U.S.C. § 1343

                   Defendant.

_____/

## <u>RESTITUTION ORDER</u>

THIS COURT, upon consideration of the following:

1.      Takata Corporation ("Takata" or "the defendant") has pleaded guilty and agreed that it will owe restitution at sentencing;

2.      The defendant has agreed to pay restitution pursuant to 18 U.S.C. § 3663A, and restitution must be imposed for the full amount of the victims' losses under 18 U.S.C. § 3664(f)(1)(A);

3.      The defendant has agreed to pay additional restitution in accordance with the Plea Agreement, 18 U.S.C. §§ 3663(a)(3), 3663A(a)(3); and

4.      The defendant does not presently have the ability to pay the full amount of restitution, but will be able to do so upon its sale to a third-party buyer;

**DOES HEREBY ORDER** that:

1.     The defendant shall pay restitution pursuant to 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A) in the amount of $481,848,850 to the victims of the defendant's fraud scheme, to wit, those auto manufacturers who were defrauded in connection with their purchase of Takata airbag systems utilizing non-compliant ammonium nitrate-based inflators ("the victim auto manufacturers") based on the provision of materially false, fraudulent, and misleading documents, data, and information, or a failure to provide material information. The defendant also shall pay additional restitution pursuant to the Plea Agreement and 18 U.S.C. § 3663(a)(3) in the amount of $368,151,150 to all auto manufacturers that purchased airbags with phase-stabilized ammonium nitrate inflators from Takata or any of its subsidiaries, regardless of location. The total amount of restitution that shall be paid by the defendant to the auto manufacturers is $850,000,000.

2.     The restitution of $850,000,000 allocated for the auto manufacturers shall be paid by the defendant within five days after the closing of the currently anticipated sale, merger, acquisition, or combination involving a transfer of control of the defendant, which must occur within 365 days after entry of the plea in this case.

3.     The defendant shall pay additional restitution pursuant to the Plea Agreement and 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3) in the amount of $125,000,000 to additional individuals who suffered (or will suffer) personal injury

caused by the malfunction of a Takata airbag inflator, and who have not already resolved their claims against the defendant.

4.      The restitution of $125,000,000 allocated for the aforementioned individuals shall be paid by the defendant within thirty days of entry of the plea in this case. Upon the later of (a) five years after entry of the plea in this case (the time currently estimated by the defendant for the recall of its defective products to be completed), or (b) the date upon which such recall is complete, any funds remaining of the $125,000,000 in restitution monies provided for in this paragraph shall be paid to the United States.  However, upon reaching either date, the Special Master may request a reasonable extension in light of unresolved or anticipated claims, as circumstances warrant.

5.      Pursuant to 18 U.S.C. § 3664(d)(6), within thirty days of this order the Court will appoint a Special Master to make findings of fact and recommendations to this Court regarding: (a) the individuals and entities entitled to restitution; and (b) the restitution amounts to which these individuals and entities are entitled.

6.      The Special Master shall be empowered to establish, oversee, and administer two separate restitution funds—one for the auto manufacturers (the "OEM Restitution Fund") and one for the individuals who suffered (or will suffer) personal injury caused by the malfunction of a Takata airbag inflator (the "Individual Restitution Fund").

3

7.     In connection with the creation and administration of the OEM Restitution Fund and the Individual Restitution Fund, the Special Master shall:

    i.    Develop a formula or formulas whereby the funds will be fairly and equitably distributed to all eligible claimants, both present and future, taking into consideration the type and amount of each claimant's loss and accounting for relevant differences in the harm each claimant suffered;

    ii.    Recommend to the Court the distribution of funds from the Individual Restitution Fund to those claimants who have not previously resolved their claims against the defendant;

    iii.    Implement appropriate procedures necessary to carry out the foregoing duties within 90 days of the date of this Order; and

    iv.    Report to this Court every 60 days on the status of the Special Master's work to date, anticipated future efforts, and any matters the Special Master believes require this Court's attention.

8.     The defendant shall promptly provide to the Special Master all documentary materials and testimonial information reasonably requested by the Special Master.

9.     All costs, fees, and expenses related to the Special Master's administration of the restitution funds or otherwise incurred in carrying out his duties under this Order shall be negotiated between the defendant and the Special Master, and submitted to the Court for approval. The defendant shall pay in full these costs, fees, and expenses separate and apart from the restitution funds, without diminishing the monies available to claimants.

10.    This Order is subject to amendment by the Court sua sponte or upon application of the parties or the Special Master. This Court retains jurisdiction over all matters covered by, or related to, this Order.

**SO ORDERED.**

Date: February 27, 2017

s/George Caram Steeh
HONORABLE GEORGE CARAM STEEH
United States District Judge
