UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 16-CR-20810
v.                              HON. GEORGE CARAM STEEH

TAKATA CORPORATION,

        Defendant.
_____/

**NOTICE OF INTENT TO APPOINT**
**<u>ROBERT S. MUELLER, III AS SPECIAL MASTER</u>**

On February 27, 2017, defendant Takata Corporation pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. As part of the Rule 11 Plea Agreement, Takata agreed to pay a $25,000,000 criminal penalty, $125,000,000 to the individuals who suffered or will suffer personal injury caused by the malfunction of a Takata phase-stabilized ammonium nitrate airbag inflator (the "Individual Restitution Fund") and $850,000,000 in restitution to auto manufacturers (the "OEM Restitution Fund"). Takata paid the criminal penalty and the $125,000,000 for the Individual Restitution Fund on March 29, 2017. Takata is to pay the $850,000,000 owing to auto manufacturers within five days after the closing of the

-1-

currently anticipated sale, merger, acquisition, or combination involving a transfer of control of Takata which must occur within one year after entry of the plea.

As part of the Plea Agreement, the parties agreed pursuant to 18 U.S.C. § 3664(d), to recommend that this court appoint a Special Master to determine the proper administration and disbursement of the $975,000,000 in restitution monies Takata will pay in this case.   (Doc. 23 at PgID 108). The parties further recommended that this court appoint Kenneth Feinberg, or another appropriate and qualified person to serve as Special Master, as determined by the court, to make findings of fact and recommendations to the court regarding the individuals and entities who should receive restitution, and the restitution amounts which these individuals and entities should receive.   *Id.*   On the same date as the plea hearing, the court entered a Restitution Order (Doc. 24), stating the court will appoint a Special Master pursuant to 18 U.S.C. § 3664(d)(6).   As set forth in the Restitution Order, the Special Master shall be empowered to establish, oversee, and administer both the Individual Restitution Fund and the OEM Restitution Fund.

Over the past several weeks, the court and the parties have met numerous times, both in person and telephonically, to work toward selecting the best Special Master for the difficult task of administering the two funds in this case which total nearly a billion dollars. The court has considered three individuals for the position. The court has interviewed these persons individually, and all have made formal presentations to the numerous attorneys who represent the government and Takata. In addition to their oral presentations, the candidates have submitted written materials for the court's review which have been considered.

Prior to making its selection, the court has heard from counsel for both sides in numerous in person and telephonic meetings and has given due deference to their opinions on the relative merits and drawbacks of each individual being considered for the position. The undersigned has also sought the counsel of his judicial colleagues in the Eastern District of Michigan, the opinion of the director of the Federal Judicial Center, as well as feedback from federal judges around the country who have worked with the candidates on other important and complex cases. Through the court's exhaustive research, the court has determined that all three candidates have the requisite background, experience, and outstanding

credentials that would qualify them for appointment as Special Master.  In the end, the court determines that Mr. Mueller is the best candidate for the position, based in part on the parties' support of his appointment, as well as the court's comfort and trust in his impeccable credentials, his relevant experience in settlement negotiations, his familiarity with the automotive industry in general, and based upon his well-known reputation for integrity.

Mr. Mueller's extensive experience as Settlement Master in the Volkswagen emissions matter before the Honorable Charles R. Breyer, U. S. District Court for the Northern Division of California, will serve him well in his capacity as Special Master in this case.  The court is also duly impressed with the team Mr. Mueller has assembled from his law firm, WilmerHale in Washington, D.C., to assist him in this matter.

Mr. Mueller's impressive background suggests that he is uniquely qualified for the position of Special Master in this case.  Prior to joining WilmerHale in March, 2014, Mr. Mueller worked in the federal government as an Assistant United States Attorney, as the United States Attorney in San Francisco, and as Director of the FBI from September 2001 through 2013.  He was nominated for that position by President George W. Bush and his initial ten-year term was extended for an additional two years at the

request of President Barack Obama and pursuant to Congressional legislation.   Mr. Mueller comes with the highest recommendation of United States District Judge Charles R. Breyer, who appointed him as Settlement Master in the Volkswagen emissions case, and who has known Mr. Mueller professionally for over 40 years.

Because the Federal Rules of Criminal Procedure do not have a provision regarding the appointment of special masters, this court is guided by Federal Rule of Civil Procedure 53 which governs the same.   Federal Rule of Civil Procedure 53(b)(3) provides that the court may enter an appointment order "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Accordingly, the court shall require Mr. Mueller to file such an affidavit here. Although the parties have informally stated their consent to the appointment of Mr. Mueller as Special Master, the court deems it appropriate to require their consent in writing after a review of Mr. Mueller's affidavit.   The court notes that Mr. Mueller has already submitted a letter to the court outlining his firm's representation of matters involving or otherwise connected to Takata, and any entities that could receive restitution.   The court anticipates that Mr. Mueller's affidavit will mimic that

letter and will become part of the public record in this case. Accordingly, IT IS ORDERED that Mr. Mueller file the above described affidavit on or before April 13, 2017.

After Mr. Mueller discloses in a written affidavit any potential grounds for disqualification, the parties are ORDERED to file their consent or any objection to the appointment of him as Special Master within seven days after the filing of the affidavit.

**IT IS SO ORDERED**.

Dated:   April 6, 2017

                          s/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 6, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk