UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CASE NO. 16-CR-20810-04

        v.                           HON. GEORGE CARAM STEEH

TAKATA CORPORATION,

        Defendant.
_____/

**NOTICE OF INTENT TO APPOINT
<u>ERIC D. GREEN AS SPECIAL MASTER</u>**

On February 27, 2017, defendant Takata Corporation pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. As part of the Rule 11 Plea Agreement, Takata agreed to pay a $25,000,000 criminal penalty, $125,000,000 to the individuals who suffered or will suffer personal injury caused by the malfunction of a Takata phase-stabilized ammonium nitrate airbag inflator (the "Individual Restitution Fund") and $850,000,000 in restitution to auto manufacturers (the "OEM Restitution Fund"). Takata paid the criminal penalty and the $125,000,000 for the individual Restitution Fund on March 29, 2017. Takata is to pay the $850,000,000 owing to auto manufacturers within five days after the closing of the currently anticipated

sale, merger, acquisition, or combination involving a transfer of control of Takata which must occur within one year after entry of the plea.

As part of the Plea Agreement, the parties agreed pursuant to 18 U.S.C. § 3664(d), to recommend that this court appoint a Special Master to determine the proper administration and disbursement of the $975,000,000 in restitution monies Takata will pay in this case. (Doc. 23 at PgID 108). As set forth in this court's Order of April 6, 2017, the court and the parties worked toward selecting the best Special Master for the difficult task of administering the two restitution funds in this case which total nearly a billion dollars. After considering several individuals for the position of Special Master, on April 6, 2017 the court indicated its intention to appoint Robert S. Mueller, III as Special Master. However, before Mr. Mueller could be formally appointed, he was named Special Counsel to oversee the previously-confirmed FBI investigation of Russian government efforts to influence the 2016 presidential election and related matters necessitating his withdrawal from consideration as Special Master in this case. Since then, the court has worked with the parties and considered several other individuals for this position. Many well qualified individuals with excellent and impressive experience in judicial, administrative, and apportionate positions have indicated an interest in serving as Special Master in this

case. The court appreciates the interest all of these individuals have expressed and thanks them for their willingness to serve.

After extensive due diligence on its own part and taking into account the recommendations of the parties, the Court has determined that Professor Eric D. Green is the best candidate for the position, based in part on the parties' support of his appointment, as well as the court's comfort and trust in his impeccable credentials, his relevant experience in mediation, arbitration, settlement negotiations and experience in prior cases as Special Master, Guardian Ad Litem, Legal Representative for Future Claimants, and Monitor, his familiarity with the automotive industry in general, and based upon his well-known reputation for integrity. Professor Green's prior and current experience as the Special Master in several asbestos cases and other mass tort cases responsible for allocating substantial settlement funds make him particularly well-suited for this position. The court is also impressed with Professor Green's knowledge of and experience with economic and claims handling professionals from which he can form his team to carry out this assignment.

Professor Green's professional background makes him especially qualified for this position. In addition to teaching law for over thirty years at Boston University Law School and Harvard Law School and authoring

numerous books and articles on Evidence and Alternative Dispute Resolution, Professor Green has served as a neutral mediator, arbitrator, Monitor, and Special Master in thousands of cases over forty years.  He is a co-founder of two leading neutral Alternative Dispute Resolution firms, JAMS/EnDispute and Resolutions, LLC, his current firm.   Professor Green has been the mediator in many major high-profile complex cases, including *United States v. Microsoft*, the *Enron* civil litigation, the LCD, CRT, polyurethane, auto-parts, payment card and other complex anti-trust cases.  He has served as mediator, arbitrator, or Special Master in many mass tort cases including asbestos, PCBs, toxic environmental and occupational exposures, pharmaceutical products liability cases, and financial frauds.  Many of these cases involved the fair apportionment of limited settlement funds among eligible claimants, similar to the task in this case.   Professor Green currently serves as the Monitor appointed by the Department of Justice and defendants to oversee the implementation of billions of dollars of consumer relief in financial crisis settlements with banks over their issuance of residential mortgage backed securities.  He also serves as the Legal Representative for Future Claimants in five asbestos bankruptcy trusts.

Because the Federal Rules of Criminal Procedure do not have a provision regarding the appointment of special masters, this court is guided in part by Federal Rule of Civil Procedure 53 which governs the same. Federal Rule of Civil Procedure 53(b)(3) provides that the court may enter an appointment order "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Accordingly, the court shall require Professor Green to file such an affidavit here. Although the parties have informally stated their consent to the appointment of Professor Green as Special Master, the court deems it appropriate to require their consent in writing after a review of Professor Green's affidavit.

Accordingly, IT IS ORDERED that Professor Green file the above described affidavit on or before **July 14, 2017**. After Professor Green discloses in a written affidavit any potential grounds for disqualification, the parties are ORDERED to file their consent or any objection to the appointment of him as Special Master within seven days after the filing of the affidavit.

IT IS SO ORDERED.

Dated: July 10, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 10, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk