UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

TAKATA CORPORATION,

    Defendant.

Case No. 16-CR-20810-04

Honorable George Caram Steeh

## **ORDER APPOINTING ERIC D. GREEN AS SPECIAL MASTER**

THIS COURT, having been fully advised with respect hereto, finds as follows:

1. On February 27, 2017, defendant Takata Corporation ("Takata" or "Defendant") pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 (Doc. 23).

2. On the same date, the Court entered a Restitution Order (Doc. 24) requiring Takata to pay restitution in the amount of $125,000,000 to the individuals who suffered or will suffer personal injury caused by the malfunction of a Takata airbag inflator and who have not already resolved their claims against Takata (the "Individual Restitution Fund") and $850,000,000 in restitution to auto manufacturers that purchased airbags

- 1 -

with phase-stabilized ammonium nitrate inflators from Takata or any of its subsidiaries (the "OEM Restitution Fund," together with the Individual Restitution Fund, the "Restitution Funds").

3. Takata paid, directly and through certain of its affiliates, the $125,000,000 (the "Amounts Paid") for the Individual Restitution Fund on March 29, 2017. Pursuant to the Restitution Order, Takata is to pay, directly or through its affiliates or subsidiaries, the $850,000,000 (the "Amounts Due") for the OEM Restitution Fund within five days after the closing of the currently anticipated sale, merger, acquisition, or combination involving a transfer of control of Takata, which must occur within one year after entry of the plea.

4. On June 25, 2017, Takata's main U.S. subsidiary, TK Holdings Inc., and certain of its affiliates commenced cases under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Chapter 11 cases have been jointly administered for procedural purposes only at Case No. 17-11375 (BLS) (the "Delaware Court"). On the same day, in coordination with the commencement of the Chapter 11 cases, Takata, together with Takata Kyushi K.K. and Takata Service Corporation, commenced civil rehabilitation proceedings under the

Civil Rehabilitation Act of Japan in the 20th Department of the Civil Division of the Tokyo District Court (the "Tokyo Court").

5. As part of the Rule 11 Plea Agreement (Doc. 23), the United States and Takata (collectively, the "Parties") recommended that this Court appoint a Special Master to determine the proper administration and disbursement of the $975,000,000 in restitution monies Takata will pay in this case.

6. On July 10, 2017, the Court issued a notice of intent (the "Notice of Intent") to appoint Eric D. Green as Special Master pursuant to 18 U.S.C. § 3664(d) (Doc. 36). The Notice of Intent addressed the qualifications of Mr. Green, required Mr. Green to file an affidavit disclosing whether there were any grounds for disqualification, and requested that all parties consent in writing to the appointment of Mr. Green.

7. On July 11, 2017, Mr. Green filed his affidavit (Doc. 37). On July 13 and 14, 2017, Takata and the United States consented to the appointment of Mr. Green as Special Master (Docs. 38, 39). No objections to the appointment of Mr. Green have been filed.

Accordingly, **IT IS HEREBY ORDERED** that:

**Appointment of Special Master**

1. Eric D. Green is hereby appointed Special Master with respect to the custody, administration and distribution of the Restitution Funds (Mr. Green, in such capacity, the "Special Master").

**Duties of Special Master**

2. The Special Master shall be empowered to oversee and administer the Restitution Funds. In connection therewith, the Special Master is hereby authorized and directed to accomplish the following:

    (1) receive and administer the funds paid into the Restitution Funds, including the Amounts Paid and the Amounts Due;

    (2) establish, in the Special Master's discretion and subject to court approval, one or more trusts, funds, or other appropriate entities (the "Trust" or "Trusts"), such as, but not limited to, one or more Qualified Settlement Funds, to receive and hold the funds paid into the Restitution Funds, provided that:

        a. any such Trust shall be established pursuant to appropriate legal documentation governing the formation and governance of the Trust, the investment of Trust assets, the payment of Trust expenses, the distribution of Trust funds to pay claimants, and any other matters necessary or appropriate to carry out the purpose of the Trust in accordance with the Restitution Order and this Order (the "Trust Documents"), which Trust Documents shall be subject to court approval;

        b. the Special Master, subject to court approval, shall serve as or appoint one or more qualified and disinterested individuals or entities to serve as trustee or other manager or administrator for any such Trust (the "Trustee"), provided that the Special Master may

elect to serve as an adviser to the Trustee, on terms consistent with the Restitution Order and this Order;

 c. the Trust Documents shall authorize the Trustee to invest funds paid into the Restitution Funds only in "<u>Permitted Investments</u>," which shall mean any of the following investments, provided that maturities on the below securities shall not exceed 365 days and all rating requirements and/or percentage restrictions are based on the time of purchase:

  i. Marketable securities issued by the U.S. Government and supported by the full faith and credit of the U.S. Treasury, either by statute or an opinion of the Attorney General of the United States;

  ii. Marketable debt securities, rated AAA by Moody's and/ or AAA by S&P, issued by U.S. Government-sponsored enterprises, U.S. Federal agencies, U.S. Federal financing banks, and international institutions whose capital stock has been subscribed for by the United States; and

  iii. Certificates of Deposit, Time Deposits, and Bankers Acceptances of any bank or trust company incorporated under the laws of the United States or any state, provided that, at the date of acquisition, such investment, and/or the commercial paper or other short term debt obligation of such bank or trust company has a short-term credit rating or ratings from Moody's and/or S&P, each at least P-1 or A-1; and

 d. the Court shall retain continuing jurisdiction over all matters related to any such Trust.

(3) establish procedures (the "<u>Claims Allowance Procedures</u>"), subject to court approval, to determine eligible claimants and the amount of loss eligible for compensation from the

Restitution Funds ("<u>Allowed Claims</u>"), including provisions governing notice to potential claimants, the process for submission, proof and allowance of claims, the evaluation of each claim by the Special Master, and the manner in which the Special Master shall interact with potential claimants and others in the evaluation, determination and payment of Allowed Claims;

(4) develop a formula or formulas, subject to court approval, for distributing funds to eligible claimants, both present and future, taking into consideration, among other things, the type and amount of loss incurred, and accounting for differences among claimants in the harm suffered;

(5) make determinations regarding Allowed Claims, as determined in accordance with the Claims Allowance Procedures;

(6) recommend to the Court, for the Court's approval, the distribution of funds from the Individual Restitution Fund and the OEM Restitution Fund; and

(7) establish procedures, subject to court approval, for the prompt payment of distributions from the Restitution Funds to claimants.

3. Paragraph 7.iii of the Restitution Order is hereby amended and replaced as follows: The Special Master shall propose appropriate procedures necessary to carry out the foregoing duties to the Court no later than 90 days after the date of this appointment Order, unless such date is extended by the Court upon the request of the Special Master.

4. The Special Master shall report to the Court every 60 days, or as otherwise directed by the Court, commencing 60 days after entry of this Order, regarding the status of the Special Master's work to date,

anticipated future efforts, and any matters the Special Master believes require the Court's attention.

5. In performing the foregoing duties, the Special Master may retain, subject to court approval, professionals and agents to assist the Special Master in carrying out such duties, including without limitation, counsel; one or more economists or other experts to assist with economic modeling and related work; a claims-administration firm; and one or more financial advisors to provide advice with respect to the investment of Trust assets. The Special Master is authorized to seek court approval of any such retention on an *ex parte* basis. The Special Master shall use best efforts to monitor and coordinate the respective duties of the retained professionals and agents so as to prevent duplication of services whenever possible.

6. In executing the duties stated above, the Special Master may communicate *ex parte* with the Court or with any of the parties, without any obligation to provide notice to the parties with respect to *ex parte* communications with the Court or the other party with respect to communications with the other party.

7. The Defendant shall promptly provide the Special Master all non-privileged and non-work product documentary materials and testimonial information reasonably requested by the Special Master.

8. The Special Master may apply to the Court for such other relief as the Special Master may from time to time determine to be necessary and appropriate to carry out the foregoing duties.

9. The Special Master is further authorized to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

**Compensation**

10. The terms under which the Special Master shall be compensated for all costs, fees, and expenses incurred in carrying out the duties assigned under this Order, including the costs, fees, and expenses of any professionals or agents retained by the Special Master pursuant to paragraph B.5 of this Order, shall be in an engagement letter (the "<u>Engagement Letter</u>") negotiated between Takata and the Special Master, and subject to court approval, which may be sought on an *ex parte* basis. Takata shall pay, directly, or indirectly through its affiliates, in full these costs, fees, and expenses separate and apart from the Individual

Restitution Fund and the OEM Restitution Fund, without diminishing the monies available to claimants under such funds to pay restitution.

11. Within 10 days of entry of this Order, which time may be extended without approval of the Court to the extent necessary to obtain approvals, if required, from either the Delaware Court or the Tokyo Court to make the payments described pursuant to this Order, which approvals shall be promptly sought by Takata, Takata shall pay, or cause to be paid, $400,000 (the "Advance") to the Special Master, which the Special Master shall hold on deposit as an advance for services rendered in connection with his appointment as Special Master. The Engagement Letter may also allow for the payment of a retainer to the Special Master, but any such retainer amount will include the $400,000 to be paid under this paragraph.

**Other Matters**

12. As an agent and officer of the Court, the Special Master and his partners, employees, agents, and professionals engaged by him in connection with the discharge of his duties and responsibilities hereunder shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial officers performing similar functions.

13. At the Special Master's request, the Defendant shall indemnify and hold harmless the Special Master, and any of his partners, employees, agents, and professionals engaged by him in connection with the discharge of his duties and responsibilities hereunder (together with the Special Master, the "<u>Indemnified Parties</u>"), with respect to any or all claims, rights and causes of action based upon acts or omissions under authority of this Order, unless the Court finds that the Indemnified Parties engaged in fraud or willful malfeasance. The Defendant shall further indemnify the Indemnified Parties for, and advance reasonable costs and attorneys' fees in defending against, any claims against the Indemnified Parties based upon acts or omissions committed under authority of this Order. In addition, at the Special Master's request, the Defendant shall reimburse the Special Master for the cost of an insurance policy with respect to his appointment as Special Master, provided that such insurance policy is the first source of coverage of any liability claim or costs related thereto for the Special Master, rather than the indemnity provided for in this Order.

14. As set forth in the Restitution Order, the Special Master may request a reasonable extension of the date in which any funds remaining in the Individual Restitution Fund shall be paid to the United States in light of unresolved or anticipated claims, as circumstances warrant.

15. This Order is subject to amendment by the Court *sua sponte* or upon application by the Special Master or either party.

16. This Court retains jurisdiction over all matters covered by, or related to, this Order.

**SO ORDERED.**

Dated: July 31, 2017

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 31, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk

---