# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>TAKATA CORPORATION,<br>Defendant. | Case No. 16-CR-20810-04<br><br>Honorable George Caram Steeh |

## ORDER APPROVING ENGAGEMENT LETTER BETWEEN TAKATA CORPORATION AND THE SPECIAL MASTER, AUTHORIZING THE SPECIAL MASTER'S RETENTION OF PROFESSIONALS, AND APPROVING THE TRUST AGREEMENT

Upon the *ex parte* application of Eric D. Green in his capacity as the Special Master, pursuant to the *Order Appointing Eric D. Green as Special Master*, entered July 31, 2017 [ECF No. 40], for approval of: (i) the Engagement Letter, dated September 6, 2017, between Takata Corporation and the Special Master (the "Special Master Engagement Letter"); (ii) the Engagement Letter, dated September 6, 2017, between the Special Master and Brown Rudnick LLP; (iii) the Retention Agreement, dated August 28, 2017, between the Special Master and Garden City Group, LLC; (iv) the Retention Agreement, dated August 11, 2017, between the Special Master and NERA Economic Consulting; and (v) the Trust Agreement of Takata Corporation Restitution Fund Trust by and between the Special Master and

1

Wilmington Trust, National Association (collectively, the "Agreements"); and the Court having reviewed the *ex parte* application and the Agreements;

**IT IS HEREBY ORDERED** that:

1. The Agreements as set forth in this Order are approved.

2. Takata Corporation shall pay, directly or indirectly through affiliates, in full the Special Master's fees, expenses, and costs, including the fees and costs of his professionals, vendors, and agents, pursuant to the terms of the Special Master Engagement Letter.

3. The Special Master is authorized to retain, on the compensation and other terms set forth in the respective Agreements: (i) Brown Rudnick LLP as counsel to the Special Master; (ii) Garden City Group, LLC as claims administrator; (iii) NERA Economic Consulting as economist; and (iv) Wilmington Trust, National Association (the "Trustee") as trustee of the Takata Corporation Restitution Fund Trust.

4. The $125,000,000 constituting the Restitution Fund for individuals who suffered (or will suffer) personal injury caused by the malfunction of a Takata airbag inflator shall be irrevocably paid over to the Trustee to be administered in accordance with the terms of the Trust Agreement of Takata Corporation Restitution Fund Trust.

5. This Court retains jurisdiction over all matters covered by, or related to, this Order.

**SO ORDERED.**

Dated: SEP 1 3 2017

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE