AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | (For Organizational Defendants) |
| TAKATA CORPORATION | CASE NUMBER: 16-20810-04 |
| | Andrew Levander and Lanny Breuer |
| | Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

☑ pleaded guilty to count(s)   1 of the First Superseding Information

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1343 | Wire Fraud | 2015 | 1 |

The defendant organization is sentenced as provided in pages 2 through **8** of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: _____

Defendant Organization's Principal Business Address:

Takata Corporation, Tokyo Front Terrace
2-3-14 Higashishinagawa,Shinagawa-ku,
Tokyo 140-0002, Japan

Defendant Organization's Mailing Address:
Same as above

02/27/2017
Date of Imposition of Judgment

s/George Caram Steeh
Signature of Judge

George Caram Steeh, U.S. District Judge
Name of Judge     Title of Judge

03/7/2017
Date

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 2 — Probation

DEFENDANT ORGANIZATION: TAKATA CORPORATION
CASE NUMBER: 16-20810-04

Judgment—Page 2 of 8

## PROBATION

The defendant organization is hereby sentenced to probation for a term of :
3 (three) years.

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) Within 30 days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;

2) The defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) The defendant organization shall submit a truthful and complete written monthly report within the first fifteen days of each month;

4) The defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

5) The defendant organization shall permit a probation officer to visit the organization at any time and visit any business sites;

6) The defendant organization shall notify the probation officer within seventy-two hours of any new criminal prosecution, major civil litigation, or administrative proceedings against the organization;

7) The defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees;

8) The defendant organization shall not waste, nor without permission of the Court, sell, assign, or transfer its assets unless this judgment and all criminal monetary penalties imposed by this Court are fully satisfied.

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 2A — Probation

DEFENDANT ORGANIZATION: TAKATA CORPORATION
CASE NUMBER: 16-20810-04

Judgment—Page 3 of 8

## ADDITIONAL PROBATION TERMS

Special Conditions are incorporated herein as detailed in the Rule 11 Plea Agreement, Doc. 23, page 9, Paragraph 3(B): Fine; pages 15 - 20, Paragraph 5: Defendant's Obligations; Paragraph 6: The Defendant's Cooperation and Reporting Obligations, and on pages 32-34, Paragraph 14: Independent Compliance Monitor.

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: TAKATA CORPORATION  Judgment — Page 4 of 8
CASE NUMBER: 16-20810-04

## CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 25,000,000.00 | $ 975,000,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Restitution Order, Docket Entry #24 | | $975,000,000.00 | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 975,000,000.00 | |

☑ Restitution amount ordered pursuant to plea agreement $ 975,000,000.00

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 3A — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: TAKATA CORPORATION
CASE NUMBER: 16-20810-04

Judgment — Page 5 of 8

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Restitution Order, docket entry #24, is incorporated by reference herein.

The $481,848,850 in restitution is due to Auto Manufacturers in connection with the purchase of Takata airbag systems utilizing non-compliant ammonium nitrate-based inflators as set forth in Paragraph 3(E)(1) of the Plea Agreement and will be paid in full by the defendant within five days after the closing of the currently anticipated sale, merger, acquisition, or combination involving a transfer of control of the defendant, which must occur within 365 days after entry of the plea in this case.

The $368,151,150 in additional restitution is due to Auto Manufacturers who purchased airbags with PSAN inflators from Takata or any of its subsidiaries as set forth in Paragraph 3(E)(2)(ii) of the Plea Agreement and will be paid in full by the defendant within five days after the closing of the currently anticipated sale, merger, acquisition, or combination involving a transfer of control of the defendant, which must occur within 365 days after entry of the plea in this case.

The $125,000,000 in additional restitution is due to Individuals who suffered (or will suffer) personal injury caused by the malfunction of a Takata phase-stabilized ammonium nitrate (PSAN) airbag inflator as set forth in Paragraph 3(E)(2)(i) and will be paid in full by the defendant within thirty days of entry of the plea in this case. The parties agree that upon the later of: (a) five years after entry of the plea in this case (the time currently estimated by the defendant for the recall of its defective products to be completed); or (b) the date upon which such recall in complete, any funds remaining of the $125,000,000 in restitution monies provided for in this paragraph shall be paid to the United States. The defendant agrees not to contest the payment of these monies to the United States.

Additionally, a Special Master will be appointed to serve to determine the proper administration and disbursement of restitution monies the defendant will pay.

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION: TAKATA CORPORATION
CASE NUMBER: 16-20810-04

Judgment — Page 6 of 8

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ 400.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C or ☐ D below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C or ☐ D below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Special instructions regarding the payment of criminal monetary penalties:

$400 special assessment due immediately. $25,000,000.00 Fine due within 30 days and may be paid by wire transfer.

See details of restitution payments in Restitution Order filed 2/27/17, document entry #24.

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☑ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

The Consent Order and Judgment of Forfeiture, docket entry #25, is incorporated by reference herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT ORGANIZATION: TAKATA CORPORATION
CASE NUMBER: 16-20810-04

# STATEMENT OF REASONS

☐ The court adopts the presentence report and guideline applications **WITHOUT CHANGE**.

**OR**

☐ The court adopts the presentence report guideline applications **BUT WITH THESE CHANGES**:

PRESENTENCE REPORT WAS WAIVED.

**Guideline Range Determined by the Court:**

☐ The defendant organization is a criminal purpose organization pursuant to U.S.S.G. §8C1.1.

**OR**

☐ The calculation of the guideline fine range is unnecessary because the defendant organization cannot pay restitution pursuant to U.S.S.G. §8C2.2(a).

**OR**

Total Offense Level: 41
Base Fine: $481,848,850.00
Total Culpability Score: 8
Fine Range: $ 770,958,160.00 to $ 1,541,916,320.00

☐ Disgorgement amount of $ _____ is added to fine pursuant to U.S.S.G. §8C2.9.

☐ Fine offset amount of $ _____ is subtracted from fine pursuant to U.S.S.G. §8C3.4.

☑ Given that the Court has entered an order providing a large amount of restitution, the Fine is waived or below the guideline range because of inability to pay pursuant to U.S.S.G. §8C.3.3.

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution: $ 975,000,000.00

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

☐ Restitution is not ordered for other reasons:

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c) for the following reason(s):

DEFENDANT ORGANIZATION: TAKATA CORPORATION
CASE NUMBER: 16-20810-04

Judgment — Page 8 of 8

# STATEMENT OF REASONS

☐ The sentence is within the guideline range and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☑ The sentence departs from the guideline range:

  ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

  ☑ for the following specific reason(s):

  Pursuant to 18 U.S.C. § 3553(a) a downward variance in the amount of fine is appropriate to enable defendant to pay reasonable restitution to the victims of this crime. The court is persuaded that defendant lacks the ability to pay a greater fine and also pay a reasonable sum as restitution to the victims of this offense.