UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TAKATA CORPORATION, ) <br> Defendant. ) | Case No. 16-CR-20810-04 <br><br> Honorable George Caram Steeh |

**ORDER GRANTING SPECIAL MASTER'S REQUEST
FOR APPROVAL OF (1) ALLOCATION AND DISTRIBUTION
OF OEM RESTITUTION FUND; AND (2) ALTERNATIVE
PROCEDURES FOR DISTRIBUTIONS IN RESPECT OF THE
<u>OEM RESTITUTION OBLIGATIONS OF TAKATA CORPORATION</u>**

Upon the request of Eric D. Green in his capacity as Special Master, with the consent of Takata, the Department of Justice, the Consenting OEMs, and the Purchaser, for final approval of (i) the proposed allocation and distribution of the $850 million in restitution (the "<u>OEM Restitution Amount</u>") directed to automobile manufacturers ("<u>OEMs</u>") who purchased PSAN airbag inflators from Takata Corporation ("<u>Takata</u>") and/or its affiliates and subsidiaries (the "<u>Proposed Final Allocation</u>") (Doc. 60), with amended Exhibits A and B (Doc. 80-1); (ii) the retention of JPMorgan Chase Bank, N.A. as paying agent; and (iii) the proposed procedures for the payment of distributions with respect to the OEM Restitution Amount and the satisfaction

of the Special Master's fees and expenses in connection therewith (the "Proposed Payment Procedures") (Doc. 80);[1]

**IT IS HEREBY ORDERED** that:

1. The Proposed Final Allocation (Doc. 60), with amended Exhibits A and B (Doc. 80-1), is hereby approved.

2. The Proposed Payment Procedures (Doc. 80) are hereby approved.

3. The portion of the Special Master's request for final approval of the Proposed Final Allocation that relates to the Alleged Whistleblowers' claims, objections, and entitlement to an award is OMITTED as MOOT in light of the affected parties' agreement and the withdrawal by the Alleged Whistleblowers of their objections.

4. The retention of JPMorgan Chase Bank, N.A. as paying agent is hereby approved. The Special Master shall not be responsible in any manner for paying the Paying Agent's costs, fees or expenses or reimbursing any payment of the Paying Agent's costs, fees or expenses by Takata or any other entity or person. Takata shall advance the Paying Agent's fees. Takata

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Special Master's (1) Notice of Filing of Amended Exhibits to Request for Final Approval of Allocation and Distribution of OEM Restitution Fund (Doc. 60) and (2) Request for Approval of Alternative Procedures for Distributions in Respect of the OEM Restitution Obligations of Takata Corporation* (Doc. 80) (the "Proposed Payment Procedures Request").

has expressed a desire to seek reimbursement from reorganized TKH for the Paying Agent's fees, and this matter will be subject to discussion at a later time, with a full reservation of rights to all parties.

5. The Payment Agent and Escrow Agreements (Doc. 80-1, <u>Exhibit C-1 (JPM New York)</u> and <u>Exhibit C-2 (JPM Shanghai)</u>) and the Distribution Agreement (Doc. 80-1, <u>Exhibit D</u>) are hereby approved in substantially the form that they are attached to the Proposed Payment Procedures Request. The parties are permitted to finalize the Agreement in a manner consistent with the terms set forth therein. To the extent that there are any errors in the wiring instructions set forth in the Distribution Agreement or other immaterial errors in the Agreements, the Special Master is authorized to take such action as necessary to ensure each OEM's receipt of its allocated portion of the OEM Restitution Amount without further order of this Court.

6. The $850 million in restitution shall be paid and distributed in accordance with the terms of the Agreements and as set forth in the Proposed Payment Procedures Request. Any conflicting terms of the Plea Agreement, Restitution Order, Appointment Order, Trust Agreement or any other prior Court order in this action regarding the payment or distribution of the $850 million in restitution to the OEMs shall be modified pursuant to and superseded by this Order.

7. Upon notice to the Court that the procedures outlined herein have been complied with to the Court's satisfaction and that all remaining funds in the OEM Restitution Trust Fund created under the Takata Corporation Restitution Trust Fund have been distributed or otherwise disposed of, the Special Master is permitted to dissolve the OEM Restitution Trust Fund.

8. Consistent with the terms of the Plea Agreement, Restitution Order, and Appointment Order, Takata shall be liable for the legal fees and expenses incurred by the Special Master prior to the closing in connection with the Proposed Payment Procedures.

9. The entry into and compliance with the Agreements by the Special Master and his professionals complies with and satisfies their obligations under the Court's prior orders in this action with regard to the restitution of the $850 million to the OEMs.

10. This Court retains jurisdiction over all matters covered by, or related to, this Order.

So ordered.

Dated: April 3, 2018

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 3, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk