# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

TAKATA CORPORATION,

    Defendant.
_____/

Case No. 16-CR-20810-04

Hon. George Caram Steeh

## ORDER GRANTING SPECIAL MASTER'S SUPPLEMENTAL REQUEST FOR APPROVAL OF FIRST DISTRIBUTION OF INDIVIDUAL RESTITUTION FUND (ECF NO. 113)

Upon the request of Eric D. Green in his capacity as Special Master for approval of the Special Master's Supplemental Request in Connection with the request for approval of First Distribution of the Individual Restitution Fund (ECF No. 113):[1]

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court APPROVES the Special Master's recommendation that the value of a point be set at $71.01.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the *Special Master's Request for Approval of First Distribution of Individual Restitution Fund* (the "Distribution Request").

1

2. The Court APPROVES the Special Master's recommendation that Current Claimants receive approximately 9% of the IRF Funds based on, among other things, NERA's revised estimation of liability (*see* ECF No. 115); in NERA's 2017 estimation report, the definition of Current Claim was tied to the date of expected rupture, while the present definition of Current Claim is based on, among other things, when a claim is presented to the Special Master; this distinction results in a larger allocation of IRF Funds to Future Claimants.

3. The Court APPROVES the Special Master's recommendation that $10,890,945.72[2] of the Individual Restitution Fund be allocated to Current Claimants, with the balance reserved for Future Claimants. If there are fewer Future Claims than estimated, unused funds may be distributed to all eligible claimants on a proportional basis.

4. The Court APPROVES the Special Master's request to distribute the amount of $10,890,945.72 to the Current Claimants listed on Exhibit B (ECF No. 113-2); provided, however, that as a condition for payment from the Individual Restitution Fund, all Current Claimants must execute and

---

[2] The Special Master increased the proposed gross allocation to current claimants by approximately $300.00 to account for rounding the dollar value of a point to whole cents for the benefit of eligible Current Claimants.

submit to the Special Master a release and counsel for Current Claimants must execute and submit to the Special Master a rider.

5. The Court APPROVES the Special Master's recommendations regarding the proposed point adjustments for specific Current Claimants as listed on Exhibit A. (ECF No. 113-1).

6. Except as reflected in the Special Master's revised recommendations in Exhibit A (ECF No. 113-1), all objections submitted in connection with the Minutes Order (ECF No. 110) are OVERRULED.

7. The Court APPROVES the Special Master's determination that the claims of the Current Claimants set forth in Exhibit D (ECF No. 113-4) are ineligible for compensation from the Individual Restitution Fund.

8. The Court APPROVES conditioning payment from the IRF to individuals represented by counsel on execution of a rider by counsel acknowledging and agreeing to abide by the restriction on attorney's fees set forth in the IRF Methodology Order. (ECF No. 78, PageID 2219).

9. The Court DIRECTS that Distributions shall be made in accordance with the procedures set forth in the Revised IRF Methodology. (ECF No. 77-1).

10. This Court retains jurisdiction over all matters covered by, or related to, this Order.

IT IS SO ORDERED.

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: October 3, 2019