## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) Case No. 16-CR-20810-04 |
| | ) |
| v. | ) Honorable George Caram Steeh |
| | ) |
| TAKATA CORPORATION, | ) |
| Defendant. | ) |

## ORDER GRANTING SPECIAL MASTER'S REQUEST FOR APPROVAL OF FOURTH DISTRIBUTION OF INDIVIDUAL RESTITUTION FUND  [ECF No. 127]

Upon the request of Eric D. Green in his capacity as Special Master for approval of the fourth distribution of the Individual Restitution Fund:[1]

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.    The Court APPROVES the Special Master's determinations and recommendations regarding the Claimants listed in Exhibit A to the Distribution Request.  The Special Master shall distribute the amount of $159,772.50 to the Claimants listed in Exhibit A; provided, however, that as a condition for payment from the IRF to an eligible Claimant, that Claimant must execute and submit to the Special Master a release and, if the Claimant is represented by counsel, counsel for

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the *Special Master's Request for Approval of First Distribution of Individual Restitution Fund* (the "Distribution Request").

the Claimant must execute and submit to the Special Master a rider to the release as described in paragraph 4 below..

2.    All objections submitted in connection with this Request are OVERRULED.

3.    The Court APPROVES the Special Master's determination that the claims of the Claimants set forth in Exhibit B are ineligible for compensation from the Individual Restitution Fund.

4.    The Court APPROVES conditioning payment from the IRF to individuals represented by counsel on execution of a rider by counsel acknowledging and agreeing to abide by the restriction on attorney's fees set forth in the IRF Methodology Order.

5.    The Court DIRECTS that Distributions shall be made in accordance with the procedures set forth in the Revised IRF Methodology.

6.    This Court retains jurisdiction over all matters covered by, or related to, this Order.

So ordered.

Dated:  August 24, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

|   | Claim No. | Points Awarded | Monetary Award[1] |
|---|---|---|---|
| 1 | 166 | 1000 | $   71,010.00 |
| 2 | 10000612 | 100 | $    7,101.00 |
| 3 | 112 | 350 | $   24,853.50 |
| 4 | 10000920 | 100 | $    7,101.00 |
| 5 | 10000668 | 100 | $    7,101.00 |
| 6 | 10000864 | 600 | $   42,606.00 |
|   | **Total** | **2,250** | **$159,772.50** |

[1] Calculated at $71.01 per point.

**EXHIBIT B**

|  | Claim No. | Ineligibility Reason |
|---|---|---|
| 1 | 10001045 | Non-Deployment |
| 2 | 10000669 | Non-Deployment |
| 3 | 10001003 | Ineligible Takata PSAN Inflator |
| 4 | 10000865 | Ineligible Takata PSAN Inflator |
| 5 | 10000877 | Ineligible Takata PSAN Inflator |
| 6 | 10000660 | Ineligible Takata PSAN Inflator |
| 7 | 10000961 | Ineligible Takata PSAN Inflator |
| 8 | 10000935 | Ineligible Takata PSAN Inflator |
| 9 | 10000998 | Ineligible Takata PSAN Inflator |
| 10 | 10000976 | Ineligible Takata PSAN Inflator |
| 11 | 10000193 | Failure to Cure; Insufficient Proof of Rupture |
| 12 | 10000915 | Failure to Cure; Insufficient Proof of Rupture |
| 13 | 10000913 | Failure to Cure; Insufficient Proof of Rupture |
| 14 | 10001004 | Failure to Cure; Insufficient Proof of Rupture |